OPINION of, the Court, by
Judge Logan.
Edward Wilson having undertaken to locate for Samuel Harrison, the appellees’ ancestor, two land warrants, one for ¿82, and the other for 1200 acres, in consideration of one third of the land which might be thereby secured, he put said warrants into the hands of John Fleming to locate, who confided their location to George Stockton, but without specifying any terms for locating them, Stockton located the warrants, and having surveyed 500 acres of the smaller, and 754 of the larger aract, applied to Harrison, in November 4785, for his bond for half of each tract. But Harrison refused to give half, aad insisted on the contract he had made with Wilson to give a third only.
The &fen-dantsbeingwü-fcuf ° ¡nTftmg that it flvouid k jjiKij/ a they muft there fcre pay cofts,
repugnant*5'»1» •written contract £“¾⅛8⅞1>!*-
It was then agreed between them, that Harrison should execute his bond for a “ good and sufficient deed to 400 acres on the waters of iickmg, when obtained from government”
Both of these tracts lie on the waters of Licking ; one on Fleming’s creek, a water of the north fork, and other on Hinksan, a water of the south fork. But the appellant, and those claiming under Stockton’s purchase, took possession of the tract on Fleming’s creek; an¿ Harrison having departed this life, his devisees in-sthuted an action of ejectment against the appellant, and obtained judgment therein. The appellant then exhibited his bill in chancery, and prays a decree for 400 acres of the tract on Fleming’s creek, and for general relief. The appellees are willing to convey 4®Q of tho 754 acres on Hinkson. So that the real question seems t0 ⅛ whether Stockion, the obligee, had his election out of which of the tracts he would have his 400 acres.
The general rule in such cases is this, that he who is the first agent, and ought to do the first act, shall have the election. In the case of Conn vs. Tones, Hard. 8, it seems to have been decided, that in a covenant to convey 150 acres, part of 500 acres, after 200 acres were laid off to another purchaser, it was not th* business of the obligee to lay off the land, rior to attend on the obligor to see it done. So that the first agency was on the part of the obligor, wh® had nothing to expect from the obligee previous to the performance of the covenant.
In this ease, Harrison covenanted to convey 400 acres on the waters of Licking, when obtained from government. It was incumbent on him to obtain his patents from the commonwealth, and then it wa.-. co n pletely within his power to perform his covenant, without any previous act on the part of the obligee. The covenant was with Harrison, and implied no precedent condition on the part of Stockton as essential to its discharge. He had therefore his election whether to Convey of the one or the other of the tracts. His covenant did not restrict him to either of them, if he elected to convey of the other. It called for land on the waters ^of Licking : but both tracts lie on those waters ; there•/fore either of them completely met the extent of the covenant, The contract was made under the knowledge *173 oí fcutli parties that Harrison claimed these two tracts mi land on the waters of Licking,
If the land on Fleming’s creek had been intended by the contract, it was as convenient to have described the tract as lying on Fleming’s creek, or the 500 acre tract.
It appears however, in the cause, that Stockton had prepared a bond and requested Harrison to execute it for part of the 500 acre tract, which Harrison refused to do. But it is said, that his refusal was not because he objected to convey a part of the 500 acres on Fleming’s creek ; but because he was unwilling to give two bonds to satisfy one contract for 40# acres. But as there was ac necessity for two bonds, inasmuch as one might have bound the obligor to convey 400 acres, part of the 500 tract, or a part out of each tract; his refusal to execute a bond for part of that tract, shews very clearly, that he did not intend to bind himself to convey of that specific tract.
1 he parol evidence in the cause is totally unavailing for ftvo reasons : 1st. Because it shews that neither of the two tracts was expressly agreed on by the parfies, and that Stockton considered his demand as no better founded to one than the other of the tracts. 2d. Because such evidence, if it were repugnant to the writing, would, in this case, be inadmissible upon the best settled principles of law and equity.
The appellant in an amendment to his bill, sets forth two objections to his accepting the deed for the 400 ucies oí the 754 acre tract ; one, that the land offered therein was the worst part of the tract, and interfered with by other claims : and the other, that the whole tract had been sold under the laws of the United States for the direct tax.
Neither of the objections is entitled to weight in this cause. Because, as to the first, it appears that the ap-pellees were willing to convey 400 acres by beginning at any comer of the tract, if the appellant’s objection Was on account of the part offered, And as to the second, st is sufficient to observe that the tract was redeemed before the commencement of this suit.
We are therefore of opinion, that Harrison had the election t* convey 400 acres out of either of those tracts. He covenanted to convey land “when Obtained from go-vcrmA;ot.” ’Vyhat land ¡ Certainly not land which had *174 been, or might first thereafter be patented on the waters, of Licking to other persons- This expression then in his bond, “ when obtained from government,” as the time for his conveying, must be construed as referring to his own claims on those waters, which had been the subject and moving consideration of the contract.
Viewing therefore, the bond as refering to these tracts of land ; and thereby avoiding on the one hand the rigoi of subjecting the obligor to a breach of his covenant, in not conveying 400 acres out of land that might at any hour thereafter be obtained by a stranger on the waters of Licking: and saving on the other, the injustice of the obligor’s conveying 400 acres of the poorest possible lands on those Waters ; and we are of opinion, that the circuit court erred in decreeing against the appellant’s right to recover out of either of the obligor's tracts.
But although this court is of opinion that the appellant is entitled, under the contract, to ⅜ conveyance, of 400 acres out of one of those tracts, yet it entertains considerable doubt with respect to the warranty which the appellees ought to give in discharge of the contract. In the construction of the bond, however, we are of opinion that it would command a general warranty ; and if even the court could indulge circumstances in the cause to operate upon this construction, still the nature of the compromise between the proprietor and locator of the warrants, and the right of the obligor to discharge his covenant by conveying 400 acres.out of either of the two tracts, seem to support that construction, notwithstanding considerations of a contrary bearing growing put of those circumstances.
Some doubt has also been entertained by the court as to costs ; but as the presumption is strong that the appellees were willing to convey with a special ’warranty onl}', we.are of opinion that the appellant must therefore recover Ids cost.
Decree reversed, and cause remanded to circuit eourt, to make such orders and decree therein as shall, be necessary to carry the foregoing opinion into eftect.